# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER,<br>AKA GARY FRANCIS FISHER,<br><br>    Plaintiff,<br><br>vs.<br><br>DIRECTOR OF OPS OF CDCR, et al.,<br><br>    Defendants. | 1:14-cv-01956-LJO-BAM (PC)<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $400.00 FILING FEE<br>(ECF No. 1) |

Plaintiff Gary Dale Barger, also known as Gary Francis Fisher, CDCR # F-85263, ("Plaintiff") is a state prisoner proceeding pro se. Plaintiff filed this civil rights actions pursuant to 42 U.S.C. § 1983 on December 8, 2014.

Although Plaintiff has not filed an application to proceed in forma pauperis, the Court finds that Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] The Court takes judicial notice of <u>Barger v. Kern County Superior Court, et al.</u>, 1:14-cv-01071-DLB (revoking in forma pauperis status under 28 U.S.C. § 1915(g) on August 13, 2014, and dismissing action without prejudice to refiling with payment of filing fee) and <u>Barger v. Kern County Superior Court</u>, 1:14-cv-01667-LJO-SAB (finding Plaintiff subject to 28 U.S.C. § 1915(g) and dismissing action without prejudice to refiling with payment of filing

The Court has reviewed Plaintiff's complaint and his allegations do not satisfy the imminent danger exception to section 1915(g).  Andrews v. Cervantes, 493 F.3d 1047, 1055-56 (9th Cir. 2007).  Although disjointed and difficult to understand, Plaintiff's complaint appears to involve allegations against individuals at various prisons at various times in 2012 and 2013.  He asserts claims related to inmate appeals, legal property, law library access, medical treatment, assault and excessive force.  However, none of Plaintiff's allegations demonstrate that he was under imminent danger of serious physical injury at the time he filed his complaint.[2]  Therefore, Plaintiff must pay the $400.00 filing fee if he wishes to litigate this action.

Accordingly, it is HEREBY ORDERED as follows:

1. This action is DISMISSED without prejudice to refiling accompanied by the $400.00 filing fee; and

2. All pending motions are TERMINATED.

This terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **December 11, 2014**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE

---

fee on October 29, 2014).  These actions identified the following cases as strikes:  Fisher v. McGee, 2:13-cv-8137-UA-MAN (C.D. Cal.) (dismissed on December 11, 2013, as barred by Heck v. Humphrey and for naming immune defendants); Barger v. FBI, 1:13-cv-00535-DLB (E.D. Cal.) (dismissed on November 21, 2013, for failure to state a claim); Fisher v. FBI, 1:13-cv-00414-LJO-SAB (E.D. Cal.) (dismissed on July 26, 2013, for failure to state a claim); and Fisher v. Bivens, Six Unknown Agents, 2:14-cv-01439-UA-MAN (C.D. Cal) (dismissed on March 6, 2014, for failure to state a claim).

[2] Concurrent with his complaint, Plaintiff filed a motion seeking a preliminary injunction. (ECF No. 2.) The motion concerns the processing of Plaintiff's in forma pauperis applications, law library access, legal mail, inmate appeals and retaliation.  There are no allegations demonstrating imminent danger of serious physical injury.